**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHESTER PACE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-CV-559-TCK-FHM** |
| | ) | |
| **CARL BEAR, Warden,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 4) filed by

Petitioner, a state inmate appearing pro se. Respondent filed a response (Dkt. # 14) to the petition

and provided the supporting state court record (Dkt. ## 14, 15, 16). Petitioner filed a reply to the

response (Dkt. # 17). For the reasons discussed below, the petition for writ of habeas corpus shall

be denied.

## *BACKGROUND*

During the early evening hours of April 20, 2011, Petitioner Chester Pace violently assaulted

his girlfriend, Verhonda Hamilton, at the home they shared in Tulsa, Oklahoma. Petitioner used his

hands and arms to strangle Hamilton causing her to black out, vomit, and urinate on herself and the

bed. During the assault, Hamilton claimed Petitioner inserted his fingers in her vagina without her

consent. Hamilton also claimed that later that night, after Petitioner gave her a large white pill to

help her relax, Petitioner inserted his penis into her vagina without her consent. On April 21, 2011,

---

[1]Petitioner is currently in custody at Joseph Harp Correctional Center (JHCC). Pursuant to Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, the proper party respondent in this matter is Carl Bear, Warden at JHCC. Therefore, Carl Bear, Warden, is substituted in place of Mike Addison, Warden, as party respondent. The Clerk of Court shall note the substitution on the record.

Hamilton went to the Records Division of the Tulsa Police Department (TPD) where she worked as a records clerk. There, she told a TPD Officer, Paula Anderson, that her boyfriend had assaulted her. Anderson took Hamilton to the Family Safety Center where she was interviewed by a TPD family violence detective. Hamilton was also examined by a Sexual Assault Nurse Examiner (SANE) at Hillcrest Hospital. The SANE nurse reported that Hamilton's voice was hoarse, suggesting injury to her larynx or trachea. Hamilton also had a split lip and bruising on her neck, but no vaginal tears, redness, or swelling. When interviewed by a TPD sex crimes unit detective, Petitioner admitted that he threw Hamilton on the floor, ripped her clothes off, slapped her around, threw water on her, choked her, and that he and Hamilton had sex. However, he claimed the sex was consensual.

As a result of those events, Petitioner was charged in Tulsa County District Court, Case No. CF-2011-1579, with Domestic Assault and Battery by Strangulation (Count 1), First Degree Rape (Count 2), and Rape by Instrumentation (Count 3), all After Former Conviction of Two or More Felonies. Petitioner proceeded to be tried by a jury. On August 16, 2012, at the conclusion of trial, Petitioner's jury found him guilty of Counts 1 and 3, and not guilty of Count 2. See Dkt. # 15-5, Tr. Vol. IV at 633-34. The jury recommended sentences of five (5) years imprisonment as to Count 1 and twenty-five (25) years imprisonment as to Count 3. Id. at 646. On August 27, 2012, the trial judge sentenced Petitioner in accordance with the jury's recommendation and ordered the sentences to be served consecutively. See Dkt. # 15-7, Tr. Sent. at 5. During trial proceedings, Petitioner was represented by attorney David Phillips.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Stuart W. Southerland, Petitioner raised six (6) propositions of error, as follows:

Proposition 1: The alleged acts of strangulation (with one hand) and rape with a finger (using the other hand) merge into a single act which can be only punished under a single statute. Appellant's conviction in either Count One or Count Three must be reversed.

Proposition 2: It was error to fail to instruct the jury on the definition of "great bodily harm" in Count One, Domestic Assault and Battery by Strangulation. This case must be remanded for a new trial before a properly instructed jury.

Proposition 3: The jury was improperly instructed as to the range of punishment in Count One, Domestic Assault and Battery by Strangulation After Former Conviction of Two or More Felonies. The correct range of punishment is three to ten years and not three years to life.

Proposition 4: Appellant received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
   a)   Failure to object to multiple punishment for a single act.
   b)   Failure to request an instruction defining intent to cause "great bodily harm," a required element of Domestic Assault and Battery by Strangulation as alleged in Count One.

Proposition 5:  Prosecutorial misconduct undermined Appellant's right to a fair trial and denied him due process under Article II, §§ 7, 20 of the Oklahoma Constitution and the Fourteenth Amendment of the United States Constitution.
   a)   The prosecutor offered his opinion that the defense witness was a liar while bolstering his own witnesses.
   b)   The prosecutor attempted to shift the burden of proof in closing argument by suggest[ing] that defense counsel should have requested a test of the alleged victim's blood for drugs.

Proposition 6: The accumulation of error in this case deprived Appellant of a fair trial and due process of law in violation of the Fourteenth Amendment to the United States Constitution.

(Dkt. # 14-1). On September 5, 2013, in an unpublished summary opinion filed in Case No. F-2012-828, the OCCA denied relief and affirmed the Judgment and Sentence of the trial court. See Dkt. # 14-3.

On October 24, 2014, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 4). Petitioner raises the same six grounds of error raised on direct appeal. Id. Respondent filed a response (Dkt. # 14) to the petition, arguing that Petitioner is not entitled to habeas corpus relief. On March 12, 2015, Petitioner filed a document titled "Petitioner's Response Brief to the State's Petition for Writ of Habeas Corpus" (Dkt. # 17). The Clerk of Court docketed Petitioner's "Response Brief" as a reply to the response to the petition. Id. However, within the reply, Petitioner asks for both appointment of counsel and for a thirty (30) day extension of time "to rightfully respond" to Respondent's response.

The Court denies both Petitioner's requests for appointment of counsel and for an extension of time. There is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994). Also, the Court finds no further briefing is necessary for adjudication of Petitioner's habeas claims.

*ANALYSIS*

**A. Exhaustion and request for evidentiary hearing**

Before addressing Petitioner's habeas claims, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner presented his claims to the OCCA on direct appeal and they are exhausted.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Cullen v. Pinholster, 563 U.S. 170, 184-85 (2011); Williams v. Taylor, 529 U.S. 420 (2000).

4

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Richter, 562 U.S. at 103); see also Metrish v. Lancaster, 569 U.S. 351, 133 S. Ct. 1781, 1787 (2013). Section 2254(d) bars relitigation of claims adjudicated on the merits

in state courts and federal courts review these claims under the deferential standard of § 2254(d).

Richter, 562 U.S. at 98; Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

In this case, the OCCA adjudicated Petitioner's claims on direct appeal. Insofar as Petitioner claims violations of the United States Constitution, his claims will be reviewed pursuant to § 2254(d). To the extent Petitioner also claims violations of the Oklahoma Constitution or Oklahoma statutory law, those claims are denied because they are not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. at 68 (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975)).

**1. Separate criminal acts merge and are punishable under a single statute (Ground 1)**

As his first ground of error, Petitioner claims that "the evidence introduced at trial was that the force necessary to effect each of these two crimes involved a single act, and a conviction in both Counts One and Three violates 21 O.S.2011, § 11A." See Dkt. # 4 at 14. Petitioner emphasizes that he "is *not* claiming that his convictions violate double jeopardy," and relies on Okla. Stat. tit. 21, § 11(A), to claim that he has suffered double punishment. Petitioner further acknowledges "that each crime includes an element the other does not: rape by instrumentation requires vaginal penetration and the domestic assault and battery charge requires evidence of strangulation." Id. On direct appeal, the OCCA reviewed for plain error and denied relief, finding that "[t]he evidence showed that Appellant committed separate and distinct acts constituting the crimes of domestic

assault and battery by strangulation and rape by instrumentation. His convictions and sentences are not plain or obvious errors under section 11." See Dkt. # 14-3 at 2-3.

Petitioner's claim that he has suffered multiple punishments in violation of Okla. Stat. tit. 21, § 11(A), shall be denied because it is not cognizable on federal habeas corpus review. As stated above, a federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle, 502 U.S. at 67-68. Petitioner's multiple punishment claim, insofar as it is based on Oklahoma statutory law, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis. Further, in light of Petitioner's admission that "each crime includes an element the other does not," thus requiring proof of a fact which the other does not, the Court finds no federal double jeopardy violation. See Blockburger v. United States, 284 U.S. 299, 304 (1932) (stating that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not"). Petitioner's request for habeas corpus relief on Ground 1 is denied.

**2. Failure to define "great bodily harm" (Ground 2)**

In Ground 2, Petitioner alleges that the trial court erred in failing to provide a jury instruction defining "great bodily harm," an element of Domestic Assault and Battery by Strangulation (Count 1). See Dkt. # 4 at 21-25. On direct appeal, the OCCA reviewed for plain error and denied relief, finding that "Appellant has not shown that the trial court's failure to give this instruction was a plain or obvious error under this Court's prior decisions." See Dkt. # 14-3 at 3.

Federal habeas relief is not permitted for state law errors. See Hodges, 423 U.S. at 22; Patton v. Mullin, 425 F.3d 788, 807 (10th Cir. 2005) (stating that, in general, matters concerning the giving

7

of jury instructions are considered questions of state law and not proper subjects of federal habeas corpus review under 28 U.S.C. § 2254). It is well established that "errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (internal quotation marks and citation omitted); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). The burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)). Also, the Tenth Circuit Court of Appeals found that there was "no practical distinction between the formulations of plain error . . . and the federal due-process test, which requires reversal when error so infused the trial with unfairness as to deny due process of law." Thornburg v. Mullin, 422 F.3d 1113, 1125 (10th Cir. 2005) (citation and internal quotation marks omitted). When the OCCA applies the plain error standard of review, this Court must defer to its ruling unless it "unreasonably appli[ed]" the test. Id. (citing 28 U.S.C. § 2254(d)).

Here, after considering the jury instructions in light of all the surrounding circumstances, the Court finds that the instructions served to inform the jury of the applicable law and provided the proper framework for determining whether the State had carried its burden of proof as to the crimes charged. As set forth in Instruction No. 21, see Dkt. # 15-8, O.R. at 83, the elements of Domestic Assault and Battery by Strangulation required the prosecution to prove beyond a reasonable doubt

that when Petitioner assaulted Hamilton, he did so "with the intent to cause great bodily harm by strangulation or attempted strangulation." The instruction also defined "strangulation" as "any kind of asphyxia, including but not limited to, closure of the blood vessel or air passage as a result of external pressure on the neck." Id. Thus, in light of the definition of strangulation, the instruction was adequate for the jury to determine whether the evidence was sufficient to find that Petitioner intended "to cause great bodily harm by strangulation." Under the facts of this case, the Court finds that the instructions provided to the jury did not render Petitioner's trial fundamentally unfair. Therefore, the OCCA did not unreasonably apply the due process test and the Court defers to the OCCA's ruling. Habeas corpus relief is denied on Ground 2.

**3. Improper instructions on range of punishment (Ground 3)**

In Ground 3, Petitioner claims that the jury was improperly instructed as to the range of punishment for Domestic Assault and Battery by Strangulation (Count 1). See Dkt. # 14 at 25-28. The OCCA adjudicated this claim on direct appeal and denied relief, finding as follows:

> Appellant's Proposition Three argues that the district court gave an erroneous instruction on the range of punishment in Count 1 by using the habitual offender statute, 21 O.S.2011, § 51.1, rather than the specific enhancement provided in section 644(J). We find that the enhanced penalty provided in section 644(J) is applicable to second or subsequent violations of section 644(J), and cannot be used to enhance a first violation of that statute by a person with prior felony convictions. Appellant admits that he has two or more prior felony convictions. He was properly sentenced under the general habitual offender statute. Proposition Three is denied.

(Dkt. # 14-3 at 3).

As discussed above, "errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." Nguyen, 131 F.3d at 1357 (internal quotation marks and citation omitted); see also Maes, 46 F.3d at 984 ("A state trial conviction may only be set aside in

a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). Here, the Court is bound by the OCCA's interpretation of state law. See Dority v. Farris, 560 F. App'x 786, 790 (10th Cir. 2014) (unpublished)[2] (affirming that the "OCCA's application or misapplication of the state's sentence enhancement statute is a matter of state law that is not cognizable in a habeas proceeding"). Further, the Court finds Petitioner's trial was not rendered fundamentally unfair as a result of the range of punishment instruction. Under the facts of this case, Petitioner fails to show that the OCCA's adjudication was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Habeas corpus relief is denied on Ground 3.

### 4. Ineffective assistance of trial counsel (Ground 4)

In Ground 4, Petitioner asserts that trial counsel provided ineffective assistance in failing to (1) object to multiple punishments for a singe act, and (2) request in instruction defining intent to cause "great bodily harm." See Dkt. # 4 at 28-32. On direct appeal, the OCCA considered and rejected Petitioner's challenges to trial counsel's assistance, citing Strickland v. Washington, 466 U.S. 668, 687 (1984), and finding that "Appellant has shown neither deficient performance nor prejudice from counsel's alleged omissions at trial." See Dkt. # 14-3 at 4.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of the claim was an unreasonable application of Strickland. Under Strickland, a defendant must show that his counsel's performance

---

[2]This and other unpublished opinions cited herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

was deficient and that the deficient performance was prejudicial.  Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993).  A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.  Strickland, 466 U.S. at 687-88.  There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance."  Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Id. at 690.  Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).  If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails.  Strickland, 466 U.S. at 700.  Thus, it is not always necessary to address both Strickland prongs.  This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential."  Cullen v. Pinholster, 563 U.S. 170, 190 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

Petitioner bears the burden of demonstrating that the OCCA unreasonably applied Strickland. He has not satisfied that burden. As found by the OCCA, the evidence showed that Petitioner "committed separate and distinct acts" constituting the crimes of Domestic Assault and Battery by Strangulation and Rape by Instrumentation. See Dkt. # 14-3 at 3. Petitioner fails to demonstrate that trial counsel performed deficiently in failing to raise Petitioner's double punishment argument at trial. Therefore, any objection by defense counsel would as to Petitioner's double punishment claim would have been overruled. Defense counsel is not ineffective for failing to raise a meritless objection. See Sperry v. McKune, 445 F.3d 1268, 1275 (10th Cir. 2006) (finding that counsel was not ineffective for failing to assert a meritless argument at trial).

Also, Petitioner fails to demonstrate that there was instructional error in this case. As determined by the OCCA, there was no plain error in the instruction defining the elements of Domestic Assault and Battery by Strangulation. See Dkt. # 14-3 at 3. Further, the record demonstrates that the parties and the trial judge discussed the definitions provided in the challenged instructions. See Dkt. # 15-5, Tr. Vol. IV at 580-81. The prosecutor pointed out that "great bodily injury is the definition, yet the OUJI is actually great bodily harm, and I don't know if they're intending to have that definition refer to that instruction or not."[3] Id. at 580. After their discussion, the trial judge announced his decision to delete the definition for "great bodily injury" from the definitions instruction, see Dkt. # 15-8, O.R. at 84 (Instruction No. 22), because the instruction providing the elements of Domestic Assault and Battery by Strangulation provided a definition of

_____

[3]To clarify, the instruction providing the elements for Domestic Assault and Battery by Strangulation identified the sixth element of the offense as "with the intent to cause great bodily harm by strangulation or attempted strangulation," see Dkt. # 15-8, O.R. at 83 (Instruction No. 21). However, OUJI-CR 4-28, which served as the basis for Instruction No. 22, id. at 84, includes a definition for "great bodily injury" but not "great bodily harm."

"strangulation," and the sixth element of the offense contained the phrase "great bodily harm" not

"great bodily injury." Defense counsel argued that Instruction No. 22 should continue to include

the definition for "great bodily injury." Id. at 581. The request was overruled. Id. at 582. In light

of the trial judge's determination that "the jury will have to rely on the totality of the instruction

itself without any extraneous definitions because the word strangulation is defined," id. at 581, any

further objection by defense counsel based on instructional error would have been overruled.

Defense counsel is not ineffective for failing to raise a meritless objection. See Sperry, 445 F.3d at

1275.

In summary, the OCCA's adjudication of Petitioner's claims of ineffective assistance of

counsel was not contrary to, or an unreasonable application of, clearly established federal law as

determined by the Supreme Court, nor was it based on an unreasonable determination of the facts

presented at trial. 28 U.S.C. § 2254(d). Habeas corpus relief is denied on Ground 4.

### 5. Prosecutorial misconduct (Ground 5)

As his fifth proposition of error, Petitioner alleges that the prosecutor engaged in

prosecutorial misconduct during closing argument when he offered his opinion that the defense

witness, Christina Billy, was a liar while bolstering his own witnesses, and when he attempted to

shift the burden of proof by suggesting that defense counsel should have requested that the victim's

blood be tested for drugs. See Dkt. # 4 at 34-39. On direct appeal, the OCCA denied relief, finding

as follows:

> Appellant argues prosecutorial misconduct in argument denied him a fair trial.
> Relief will be granted on a prosecutorial misconduct claim only where the
> misconduct effectively deprives the defendant of a fair trial. *Mitchell v. State*, 2006
> OK CR 20, ¶ 95 n.208, 136 P.3d 671, 708 n.208. We find the comments challenged
> on appeal were within the bounds of permissible argument and did not deny the
> Appellant of a fair trial or sentencing. Proposition Five requires no relief.

(Dkt. # 14-3 at 4).

Prosecutorial misconduct, if it occurs, can "create constitutional error in one of two ways." Matthews v. Workman, 577 F.3d 1175, 1186 (10th Cir. 2009). "First, prosecutorial misconduct can prejudice 'a specific right, such as the privilege against compulsory self-incrimination, as to amount to a denial of that right.'" Id. (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). When this occurs, a petitioner need not show that his entire trial was rendered fundamentally unfair. See Dodd v. Trammell, 753 F.3d 971, 990 (10th Cir. 2013). "Second, even if the prosecutor's improper remarks do not impact a specific constitutional right, they may still create reversible error if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Matthews, 577 F.3d at 1186 (quoting Donnelly, 416 U.S. at 643). Under this test, prosecutorial comments violate due process only when the prosecutor's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly, 416 U.S. at 642-48. To satisfy this test, a petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that absent the remarks, a conviction probably would not have occurred. Thomas v. Cowley, 1991 WL 151773 at *9 (10th Cir. Aug. 8, 1991) (unpublished).

Upon review of the trial record, the Court agrees with the OCCA that the prosecutor's comments did not deprive Petitioner of a fundamentally fair trial. As to Petitioner's claim that the prosecutor improperly bolstered the State's witnesses while characterizing the defense witness as a "liar," the record demonstrates that the prosecutor asked the jury to consider all of the consistencies in assessing the victim's credibility and to consider the inconsistencies in assessing the credibility of the defense's witness. "Argument or evidence is impermissible vouching only if

the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances of the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony." United States v. Bowie, 892 F.2d 1494, 1498 (10th Cir. 1990).  Further, "it is not improper for a prosecutor to direct the jury's attention to evidence that tends to enhance or diminish a witness's credibility." Thornburg, 422 F.3d at 1132.  The complained of statements by the prosecutor were neither explicit personal assurances of the victim's veracity, nor were they based on information not presented to the jury that supported the victim's testimony. As a result, the prosecutor did not impermissibly vouch for the victim's credibility.

In addition, the record demonstrates that defense counsel promptly objected to the prosecutor's suggestion that the defense witness, Christina Billy, "was flat out lying."  See Dkt. # 15-5, Tr. Vol. IV at 602.  The trial judge clarified for the jury that the prosecutor was stating his opinion.  Id.  The prosecutor then reminded the jury that they were responsible for determining the witnesses' credibility.  Id.  After considering all of the surrounding circumstances, including the strength of the State's case, the comments and admonitions by the trial judge, and the written instruction providing that the jury was responsible for determining the credibility of each witness, see Dkt. # 15-8, O. R. at 77 (Instruction No. 15), the Court finds the cited comment by the prosecutor was not so egregious that Petitioner's trial was rendered fundamentally unfair.

Petitioner also claims that the prosecutor improperly shifted the burden of proof by suggesting that defense counsel should have requested that the victim's blood be tested for drugs. See Dkt. # 15-5, Tr. Vol. IV at 601.  Defense counsel objected to this comment and the trial judge promptly explained to the jury that the State has the burden of proof.  Id.  The trial judge then

addressed the prosecutor, stating that "you're not suggesting that the burden was on the defendant. You're just suggesting that there was an opportunity to test and that was not availed by the defendant, and for whatever that's worth." Id. In light of the trial judge's explanations, and the written instructions reminding the jury that the State had the burden of proof, see Dkt. # 15-8, O.R. at 65, 83, 87, 91, the Court finds that any adverse impact resulting from the prosecutor's comment was prevented. See Le v. Mullin, 311 F.3d 1002, 1013 (10th Cir. 2002). After considering all of the surrounding circumstances, the Court finds the isolated comment concerning the defense's failure to test the victim's blood for drugs was not so egregious that Petitioner's trial was rendered fundamentally unfair.

In summary, the OCCA did not unreasonably apply the due process test and the Court defers to the OCCA's ruling. Petitioner has not demonstrated that he is entitled to habeas corpus relief on his claims of prosecutorial misconduct. 28 U.S.C. § 2254(d). Petitioner's request for habeas corpus relief on Ground 4 is denied.

**6. Cumulative error (Ground 6)**

In Ground 6, Petitioner argues that "[e]ven if this Court rejects Appellant's contention that he suffered sufficient prejudice as to any one of the propositions of error argued in this brief, the combined effect of the error must be nonetheless considered." See Dkt. # 4 at 40. The OCCA considered this claim on direct appeal and denied relief, stating that "[w]e find no significant errors, and therefore, no accumulations of error. Proposition Six is denied." See Dkt. # 14-3 at 4 (citation omitted).

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless, and it analyzes whether their cumulative effect on the outcome of

16

the trial is such that collectively they can no longer be determined to be harmless." United States

v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (internal quotation marks and citation omitted). The

Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only

where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir.

2003). Cumulative impact of non-errors is not part of the analysis. Le, 311 F.3d at 1023 (citing

United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). "In the federal habeas context, the

only otherwise harmless errors that can be aggregated are federal constitutional errors, and such

errors will suffice to permit relief under cumulative error doctrine only when the constitutional

errors committed in the state court trial so fatally infected the trial that they violated the trial's

fundamental fairness." Matthews, 577 F.3d at 1195 n.10 (internal quotation omitted).

In this case, the Court has not found two or more harmless errors during Petitioner's trial.

As a result, there is no basis for a cumulative error analysis. Petitioner has not shown that the

OCCA's adjudication of this claim was contrary to, or involved an unreasonable application of,

clearly established federal law as determined by the Supreme Court. Habeas relief is denied on

Ground 6.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not

established that he is in custody in violation of the Constitution or laws or treaties of the United

States. His petition for writ of habeas corpus shall be denied.

## **Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs

that "[t]he district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted).

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable among jurists of reason. See Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004). A certificate of appealability is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the substitution of Carl Bear, Warden, in place of Mike Addison, Warden, as party respondent.

2. Petitioner's requests for appointment of counsel and for an extension of time, as asserted in the reply (Dkt. # 17), are **denied**.

3. The petition for a writ of habeas corpus (Dkt. # 4) is **denied**.

4. A certificate of appealability is **denied**.

5. A separate Judgment shall be entered in this case.

**DATED** this 8th day of September, 2017.

**TERENCE KERN**
**United States District Judge**

18